UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HARRY HOWARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HUNTER FIRST PRESBYTERIAN )<br>CHURCH, et al., )<br>)<br>Defendants. ) | Case No. 1:08CV 139 LMB |

## MEMORANDUM AND ORDER

This matter is before the court on the Complaint of Plaintiff Harry Howard, alleging employment discrimination by Defendants Hunter First Presbyterian Church, Rev. John Goodwin, Pastor Ed Cowan, and Session Worship Committee based upon race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c). Presently pending before the court is defendants' Motion to Dismiss. (Document Number 7). Also pending is plaintiff's motion to appoint counsel. (Doc. No. 4).

## Background

In his Complaint, plaintiff alleges that defendants discriminated against him based upon his race when he was terminated from his position of church organist. Complaint at ¶ 12. Plaintiff states that he was the only black person on the church staff. Id. Plaintiff claims that he was harassed almost weekly in rehearsals and that he overheard racial comments. Id. Plaintiff

contends that several Session Worship Committee members plotted to have him fired by electing a chairman who was prejudiced and made "unexpected demands and changes." Id. Plaintiff claims that the alleged acts of discrimination occurred on or about February 24, 2008. Id. at ¶5. Plaintiff states that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against defendants on or about July 3, 2008. Id. at ¶¶ 7. Plaintiff has attached the Notice of Right to Sue he received from the EEOC.

### Discussion

In their Motion to Dismiss, defendants argue that plaintiff's Complaint must be dismissed because none of the defendants qualify as an "employer" under Title VII, 42 U.S.C. § 2000e(b), and are therefore not subject to a Title VII action. Plaintiff has not filed a Response to defendants' motion.

Defendants do not specify whether they move to dismiss plaintiff's Complaint for failure to state a claim or for lack of subject matter jurisdiction. Under established Eighth Circuit precedent, Title VII's fifteen-employee minimum is a jurisdictional prerequisite. See Daggitt v. United Food and Commercial Workers Intern. Union, Local 304A, 245 F.3d 981, 988 (8th Cir. 2001); Devine v. Stone, Leyton & Gershman, P.C., 100 F.3d 78, 80 (8th Cir. 1996). Thus, defendants' motion to dismiss should be construed as a motion to dismiss for lack of subject matter jurisdiction.

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) generally take one of two forms: (1) a "facial attack" on the sufficiency of the allegation of subject matter jurisdiction in the complaint; or (2) a "factual attack" on the underlying facts upon which subject matter jurisdiction is allegedly based. Osborn v. United

States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Where a defendant mounts a "factual attack" on the plaintiff's complaint, "the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards" in that the court may not presume the factual allegations in the plaintiff's complaint are true. Id. As the party asserting subject matter jurisdiction, the plaintiff bears the burden of establishing the existence of such jurisdiction. See Devine, 100 F.3d at 82.

To be subject to liability under Title VII, defendants must qualify as an "employer" under the statute. Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year..." 42 U.S.C. § 2000e(b). The term does not include "a bona fide private membership club (other than a labor organization)..." Id.

Defendants first argue that Defendant Hunter First Presbyterian Church is incorrectly identified and that, to defendants' knowledge, no such entity exists. Defendants state that plaintiff began working for Hunter Memorial First Presbyterian Church, Inc. ("Church") in June 2002 as a part-time organist/pianist and that Church terminated plaintiff's services or about February 22, 2008. Defendants contend that it is clear from plaintiff's Complaint that he is referring to Church when he named Hunter First Presbyterian Church as a defendant. Defendants state that Church is a non-profit corporation established under the laws of the State of Missouri. Defendants have attached Church's Articles of Incorporation and Secretary of State Information Page as exhibits. See Def's Ex. 2, 3. Defendants argue that Church only employs one full-time employee, its Pastor, Rev. John Goodwin. See Def's Ex. 1, Affidavit of Rev. John Goodwin, at ¶ 13. Defendants state that Church also employs a secretary, a custodian, and an organist/pianist on a

part-time basis, and two baby-sitters who work only on Sundays.  See id. at ¶¶ 14, 15.

Defendants argue that Defendant Rev. John Goodwin is not an employer but, rather, is employed by Church as its pastor.  See id. at ¶ 2.  Defendants contend that Defendant Ed Cowan is not an employer or an employee of Church, but is a member of Church and serves on Church's Board of Directors as an Elder and donates his time as Choir Director.  See id. at ¶¶ 16-18.

Defendants finally argue that Defendant Session Worship Committee refers to the Church's Board of Directors.  Defendants state that the Board of Directors of Church is called the "Session" and is made up of members voted in as "Elders" by the congregation.  See id. at ¶¶ 7-10.  Defendants state that the Session oversees the day-to-day activities of Church and is responsible for the hiring and firing of any part-time employees.  See id.  Defendants argue that the Session is not an employer, but is the Board of Directors of Church.  See id.

Defendants contend that each defendant has less than fifteen employees.  Specifically, defendants argue that Defendants Rev. John Goodwin, Ed Cowan, and Session Worship Committee have zero employees and Church has a total of six employees, if all part-time employees are counted.  Defendants further argue that Church is excluded as an employer under Title VII because it is a non-profit member corporation.  Defendants thus contend that they are not subject to plaintiff's Title VII action.

The court finds that none of the named defendants qualify as employers under Title VII. Defendants have provided evidence to establish that Church employs well under the minimum fifteen employees required to meet the definition of an employer, and defendants Rev. John Goodwin, Ed Cowan, and Session Worship Committee have no employees.  Because each defendant employs less than fifteen employees, it is not necessary to determine whether Church

qualifies as a "bona fide private membership club." Plaintiff has failed to establish that any of the defendants meet the definition of "employer" to subject them to liability under Title VII. Thus, plaintiff's Complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss (Doc. No. 7) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint be and it is **dismissed**. A separate Judgment will be entered on this date.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Doc. No. 4) be and it is **denied as moot**.

Dated this __7th__ day of April, 2009.

                                            LEWIS M. BLANTON
                                            UNITED STATES MAGISTRATE JUDGE